IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Henry J. Dukes, *a/ka/ Henry Jermaine Dukes*, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 4:25-cv-12718-TMC<br>)<br>) **ORDER** |
| Lt. Coulter, Lt. Franklin, Major A. Spikes, Warden Shane Jackson, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

Plaintiff Henry J. Dukes, a state prisoner and frequent *pro se* litigant in the District of South Carolina, filed this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his rights under the Eighth Amendment to the United States Constitution. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On September 26, 2025, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 8). The magistrate judge found that Plaintiff is a frequent litigant and, over the years, has accrued at least "three strikes" under 28 U.S.C. § 1915(g) and, as a result, concluded that Plaintiff is precluded from bringing a civil action without prepayment of fees. (ECF No. 8 at 4–5). Specifically, the magistrate judge identified the following prior actions brought by Plaintiff as having been dismissed on grounds enumerated in § 1915(g): *Dukes v. Addison*, No. 09-cv-00576-HFF; *Dukes v. Municipality of Conway*, No. 4:09-cv-00690-HFF; *Dukes v. J. Reuben Long Detention Center*, No. 4:11-cv-00539-HFF. (ECF No. 8 at 3–4).

Additionally, the magistrate judge concluded that Plaintiff's allegations do not fit within the imminent danger exception to § 1915(g) because Plaintiff's action is based on events alleged to have occurred and ended in August 2024. *Id*. at 5. Therefore, the magistrate judge recommended that Plaintiff's motion for *in forma pauperis* status be denied and that, should the Court adopt the Report, Plaintiff be given 14 days from the date the Court enters its order adopting the Report and denying *in forma pauperis* status to pay the full filing fee before this action is dismissed. *Id*. at 5–6.

Plaintiff filed objections to the Report, (ECF No. 13), arguing that the imminent danger exception to the three-strike rule applies in this case.[1] A hearing is unnecessary for the Court to issue a ruling in this matter.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*,

---

[1] In addition to submitting his actual objections to the Report, Plaintiff submitted a motion for an extension of time to file objections. (ECF No. 14). Plaintiff does not explain why all of his objections could not have been included with his timely-filed objections, (ECF No. 13), nor does anything in his objections or his motion reflect an intent to raise any grounds other than the imminent danger exception. Accordingly, the Court **DENIES** Plaintiff's motion for an extension. (ECF No. 14).

478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

3

As noted, Plaintiff filed objections to the Report. (ECF No. 13). In his objections, Plaintiff *does not dispute* that he has accrued "three strikes" within the meaning of § 1915(g). And the Court, having conducted a backward-looking inquiry as directed by *Pitts v. South Carolina*, 65 F.4th 141, 145–46 (4th Cir. 2023), is satisfied that Plaintiff has had *at least* three prior actions dismissed on grounds enumerated in § 1915(g). *See, e.g.*, *Dukes v. Addison*, No. 09-cv-00576-HFF at ECF No. 11 (D.S.C. Apr. 27, 2009) (adopting and incorporating Report (ECF No. 9) which recommended summary dismissal for failure to state a claim); *Dukes v. Municipality of Conway*, No. 4:09-cv-00690-HFF at ECF No. 18 (D.S.C. May 21, 2009) (summarily dismissing § 1983 action for failure to state a claim upon which relief can be granted as well as other grounds); *Dukes v. J. Reuben Long Detention Center*, No. 4:11-cv-00539-HFF. at ECF No. 17 (D.S.C. June 14, 2011) (adopting and incorporating Report (ECF No. 15) which recommended summary dismissal for failure to state a claim).

In his objections, Plaintiff contends the imminent danger exception to § 1915(g)'s "three strikes" rule applies in this case and, therefore, permits him to proceed without paying the filing fee. (ECF No. 13). To satisfy the imminent-danger exception, an inmate must "allege[ ] sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022). Plaintiff asserts that Defendant Coulter has a "history of excessive force" and alleges Defendant Coulter has employed excessive force against other inmates housed at Lee Correctional Institution. (ECF No. 13 at 1–3). According to Plaintiff, "[a]s long as Lt. Coulter works here every inmate he comes in contact with are in serious risk of physical injury." *Id*. at 3. Plaintiff states he fears for his safety when Defendant Coulter is "on the yard" and, to avoid him, Plaintiff does not "go get his [mental health] medicine when he [is] supposed to." *Id*. at 2. These allegations were not included in Plaintiff's

complaint; even if they had been, however, the alleged deprivation of rights and accompanying injury suffered by Plaintiff is based on conduct occurring in August 2024 and is unrelated to any imminent danger of serious physical injury. To the extent Plaintiff asserts Defendant Coulter poses a general threat to inmates at Lee Correctional Institution, the Court concludes such allegations are too vague and general to establish that Plaintiff is in imminent danger of serious physical injury. Accordingly, the Court overrules Plaintiff's objections.

The court has carefully reviewed the Report and the record under a *de novo* standard; the court finds no error in the Report and can discern no basis for deviating from the recommendations in the Report. The court overrules Plaintiff's objections and **ADOPTS** the Report (ECF No. 8), which is incorporated herein by reference.

Accordingly, the motion to proceed in forma pauperis (ECF No. 2) is **DENIED**. And, as noted, the Court **DENIES** Plaintiff's motion for an extension. (ECF No. 14). **Plaintiff is granted twenty-one (21) days from the date of this order to pay the $405 filing fee. If the fee is not paid in that time, the Clerk is directed to DISMISS this action without prejudice pursuant to 28 U.S.C. § 1915(g).**

If Plaintiff chooses to pay the required fee within the time allotted, this action shall be sent back to the magistrate judge for further review.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
December 23, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.